IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CHERYL A. RADER                                                                    PLAINTIFF

v.                                    No. 4:13–CV–00080–BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                          DEFENDANT

## ORDER AFFIRMING THE COMMISSIONER

Cheryl Ann Rader seeks judicial review of the denial of her application for

disability insurance benefits and supplemental security income.  In the past, Ms. Rader

worked primarily as a waitress.[1]  In 2005, she injured her back while working.  Since

then, Ms. Rader maintains she has experienced worsening back pain.  She stopped

working in April 2010 and applied for disability benefits.[2]  She bases disability on

arthritis, scoliosis, muscle spasms, and back pain.[3]

**The Commissioner's decision**.  After considering the application, the

Commissioner's ALJ determined Ms. Rader had severe impairments — back disorder

---

[1]SSA record at pp. 157-58, 172, 179 & 193.

[2]*Compare id*. at p. 170 (reporting that she stopped working on Apr. 11, 2010, due
to her physical condition), *with id*. at pp. 120 & 124 (applying for disability benefits on
Apr. 15, 2010, and alleging disability beginning on Apr. 11, 2010).

[3]*Id*. at pp. 170, 177 & 201.

and mood disorder[4] — but that she could do some light work.[5]  Because a vocational

expert identified available work,[6] the ALJ determined that Ms. Rader was not disabled

and denied the application.[7]

   After the Commissioner's Appeals Council denied a request for review,[8] the

ALJ's decision became a final decision for judicial review.[9]  Ms. Rader filed this case to

challenge the ALJ's decision.[10]  In reviewing the decision, the court must determine

whether substantial evidence supports the decision and whether the ALJ made a legal

error.[11]

---

[4]*Id*. at p. 15.

[5]*Id*. at p. 17.

[6]*Id*. at p. 57.

[7]*Id*. at p. 21.

[8]*Id*. at p. 1.

[9]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[10]Docket entry # 2.

[11]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not

**Ms. Rader's allegations**.  Ms. Rader challenges the determination that she was able to do some light work.[12]  She argues that the ALJ should have ordered a consultative mental exam and asked the physical examiner about her ability to work. She maintains that the ALJ should have discussed anxiety disorder and post-traumatic stress disorder (PTSD).  She also complains about the evaluation of her credibility.  She argues that the ALJ should have considered medication side effects, anxiety, and manipulation impairment in determining her ability to work.  She insists substantial evidence does not support the ALJ's decision.

For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to support the decision that Ms. Rader could do some light work.[13]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[14]  In this case, the ALJ limited light work to work in which interpersonal interaction is incidental to work performed, work is learned and performed by rote with little judgment required, and the supervision required is simple,

---

disabled.").

[12]Docket entry # 13.

[13]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[14]20 C.F.R. §§ 404.1567(b) & 416.967(b).

direct, and concrete.[15]  The court must determine whether a reasonable mind would accept the evidence as adequate to show Ms. Rader can work within these parameters.

Credibility.  An ALJ must evaluate the claimant's credibility before determining her ability to work.[16]  The ALJ in this case evaluated Ms. Rader's credibility by using the required two-step process and considered the required factors.[17]  Thus, the question before the court is whether substantial evidence supports the credibility evaluation.

An ALJ may discredit a claimant's credibility based on inconsistencies in the evidence.[18]  In this case, the lack of medical treatment before applying for disability is a probative inconsistency.  Ms. Rader testified that back pain forced her to stop working in April 2010.[19]  She reported that her pain was constant; she characterized her pain as feeling like a knife is in her back.[20]

---

[15]SSA record at p. 17.

[16]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[17]SSR 96-7p, *Policy Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[18]*Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

[19]SSA record at p. 46 (testifying that she quit her job because her back bothered her so bad at work; she immediately applied for disability benefits).

[20]*Id*. at p. 201.

Despite that characterization, Ms. Rader sought little medical treatment.  Two months before she applied for disability, she sought treatment for back pain.[21]  Her primary care physician found some tenderness in the lumbar muscles, but Ms. Rader had a full range of motion.  The doctor prescribed an anti-inflammatory medication, a muscle relaxant, and back exercises.[22]

Ms. Rader returned the following month and reported that she was doing "a whole lot better."[23]  Despite her report, she testified that back pain forced her to stop working six weeks later.  This testimony is inconsistent with her reported improvement.  A reasonable mind would expect her to seek treatment, rather than stop working, because treatment helped her back pain.  A reasonable mind would accept the inconsistency as adequate to show Ms. Rader over-stated her back pain.

<u>Evidence about back impairment</u>.  Ten weeks after applying for disability,[24] Ms. Rader had a normal range of motion in her back, legs and arms.[25]  Her gait and reflexes were within normal limits.[26]  Her grip strength was somewhat diminished, but she

---

[21]*Id*. at p. 239.

[22]*Id*. at 239.

[23]*Id*. at p. 239.

[24]*Id*. at p. 241.

[25]*Id*. at p. 243.

[26]*Id*. at p. 244.

could hold a pen and write, touch her fingertips to her palms, oppose her thumb to fingers, and pick up a coin.[27]  These findings show no significant physical impairment. The agency medical consultants characterized physical impairment as non-severe.[28]

Ten months after her application, Ms. Rader sought a medication refill.[29]  She had a full range of motion in her back.  She was advised to stop smoking and drinking.[30] She sought no further treatment for back pain.

During the hearing, the ALJ granted a request for an orthopedic exam.[31]  During the exam, Ms. Rader walked normally.[32]  She could not walk on her tiptoes and heels. She could dress and undress herself without difficulty.  She got onto and off the exam table without difficulty.[33]  Range of motion in the lumbar area had diminished.  She had muscles spasms with movement.

The examiner found no evidence of disc herniation or neurological deficit.  The examiner opined that, "Her chronic pain will be a long term problem for her.  She will

[27]*Id.* at p. 244.

[28]*Id.* at pp. 251 & 258.

[29]*Id.* at pp. 43 & 276.

[30]*Id.* at p. 276.

[31]I*d.* at p. 58.

[32]*Id.* at p. 302.

[33]*Id.* at p. 303.

have some difficulty in working as a waitress because of the lifting and standing involved."[34]

The above evidence shows nothing preventing Ms. Rader from lifting 20 pounds, frequently lifting/carrying 10 pounds, walking, standing, or sitting.  A reasonable mind would accept the evidence as adequate to show Ms. Rader could do light work, perhaps with some back pain.  There was no need to consider manipulation limitations because the medical evidence did not support manipulation limitations.  Ms. Rader reported no manipulation limitations when she applied for disability.[35]  There was no reason to question the physical examiner about Ms. Rader's ability to work because the contested issue — the condition of the back — was developed.[36]  No evidence shows medication side effects prevented Ms. Rader from working; she took the same medications when she worked and felt a lot better.

Evidence of mental impairment.  The medical evidence of mental impairment flows from treatment for alcohol dependence.  Ms. Rader relies on an intake diagnosis

---

[34]*Id*. at p. 303.

[35]*Id*. at p. 208.

[36]*Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) ("An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped."); *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("Although that duty may include re-contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped.").

to argue that the ALJ should have ordered a consultative mental exam.  The intake

counselor diagnosed alcohol dependence and mood disorder; rule out substance

induced major depressive disorder, anxiety disorder, PTSD, and bereavement.[37]  The

rule-out diagnosis indicates the intake counselor lacked sufficient information to

diagnose major depressive disorder, anxiety disorder, PTSD, and bereavement.[38]

Subsequent counseling sessions focused on alcohol and nicotine dependence.[39]

Ms. Rader alleged no mental impairment when she applied for disability

benefits.[40]  She sought no mental health treatment except for alcohol dependence.  She

did not complain about mental impairment.  The provisional diagnoses of anxiety

disorder and PTSD suggested no need for a consultative mental exam.  The ALJ

accounted for mental impairment by limiting interpersonal interaction, complex tasks,

and judgment, and requiring simple, direct, concrete supervision.[41]  Ms. Rader

maintains these limitations lack an evidentiary basis, but she can show no harm because

---

[37]SSA record at p. 268.

[38]*Byes v. Astrue*, 687 F.3d 913, 916 n.3 (8th Cir. 2012) ("'Rule out' in a medical record means that the disorder is suspected, but not confirmed—i.e., there is evidence that the criteria for a diagnosis may be met, but more information is needed in order to rule it out.").

[39]SSA record at pp. 281, 283, 285 & 289.

[40]*Id*. at p. 170.

[41]*Id*. at p. 17.

the limitations act in her favor by narrowing the range of available work.  A reasonable mind would find the evidence adequate to show that Ms. Rader could work within these parameters because Ms. Rader alleged no mental impairment and sought no treatment for mental impairment.

Vocational evidence.  After determining that Ms. Rader could do light work, the ALJ questioned a vocational expert about available work.[42]  The vocational expert identified machine tender jobs like compression molding machine tender, riveting machine tender, and bindery machine tender; off bearer; motel maid; and production and assembly workers like power crew driver operator, bottling line attendant, and conveyor line bakery worker.[43]  A reasonable mind would accept this testimony as adequate to show work exists that Ms. Rader could do.[44]

**Conclusion**.  Substantial evidence supports the ALJ's decision denying Ms. Rader's application.  The ALJ made no legal error.  For these reasons, the court DENIES

---

[42]*Id*. at pp. 56-57 (asking about light work in which interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote with a few variables, little judgment, and the supervision required is simple, direct, and concrete).

[43]*Id*. at p. 57.

[44]*Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) (finding decision was supported by substantial evidence because it was based on vocational expert response to properly phrased hypothetical question).

the request for relief (docket entry # 2) and AFFIRMS the decision denying the

application.

It is so ordered this 17th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE